# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **KEITH YEARMAN**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 7985 |
| ) | |
| **UNITED STATES BOARD ON** ) | |
| **GEOGRAPHIC NAMES**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Keith Yearman ("Yearman"), who describes himself as an Associate Professor of Geography at the College of DuPage and "a current gubernatorial appointee to the Illinois Geographic Information Council" (Complaint ¶ 2), has tendered a self-prepared Complaint against the United States Board on Geographic Names ("United States Board") and the similarly-named Illinois State Board on Geographic Names, with the latter characterized in the Complaint's caption (ironically enough, given the subject matter) as also going by several other monikers.[1] Yearman alleges at the very outset (Complaint ¶ 1) that "for the record he is not pursuing financial goals with this case," with his target instead being the abolition of the Illinois Board.

But before this Court can even consider that goal as identified by Yearman, it must first cross the threshold succinctly described nearly three decades ago in <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

---

[1] This opinion chooses a simple reference to "Illinois Board" instead.

This Court has just done that, and it finds that Yearman has flunked that basic precondition.

To begin with, although Complaint ¶¶ 17 and 18 allege Yearman's uncertainty as to whether the Illinois Board is a federal or state body, the United States Department of the Interior's Office of Inspector General has disvowed federal parentage, and nothing said by the Complaint really challenges that disclaimer and the natural import of the Illinois Board's name. Accordingly any potential claim against that body would necessarily require resort to the supplemental jurisdiction provided by 28 U.S.C. § 1367, so that if Yearman strikes out against the United States Board in jurisdictional terms the case is over.

To turn then to that last question, one possible source of federal jurisdiction can be scotched immediately. Needless to say, the United States Board is a creature of statute, specifically 43 U.S.C. § 364 through 364f.[2] Section 364a describes its membership, with the creation of the Board having coincided with the abolition of a like-named group in the Department of the Interior that had been created by executive order (Section 364e).

Importantly that statute does <u>not</u> contain a sue-and-be-sued clause, which commonly operates as a broad waiver of the federal government's sovereign immunity (<u>FDIC v. Meyer</u>, 510 U.S. 471, 480 (1994)), though not necessarily as a grant of jurisdiction (<u>Western Sec. Co. v. Derwinsky</u>, 937 F.2d 1276, 1279 (7th Cir. 1991)). So that potential entry to the federal courthouse door is closed off to Yearman.

Another potential waiver of the federal government's sovereign immunity might perhaps be sought under the Administrative Procedure Act ("APA," 5 U.S. § 702). But in that respect Yearman fails again, because the APA deals with judicial review of "agency" action and that

---

[2] Citations to that statute will take the simple form "Section --," omitting the prefatory "43 U.S.C."

label does not fit the statutory function of the United States Board, which is a recommendatory one, with the ultimate approval of actions being vested in the Secretary of the Interior (see Sections 364(b) through 364(e)). That then closes Yearman's second possible path of entry to this District Court.³

Lastly and even more remote as a possible source of waiver of sovereign immunity, a mandamus action under the Mandamus Act (28 U.S.C. § 1361) might conceivably play that role (see 16 Moore's Federal Practice § 105.42 (3d ed. 2015)). But Yearman gains no traction there either, for he has failed to plead any nondiscretionary duty owed to him, as the Mandamus Act requires. That then closes off the last possibility of federal court relief for Yearman.

## Conclusion

For the reasons stated in this opinion (although each of the issues and principles addressed here could have been expounded at greater length), federal subject matter jurisdiction over Yearman's claims is lacking here. Moreover, given the nature of Yearman's allegations, no amendment of his Complaint could cure the fundamental flaws exposed in this opinion. Accordingly both the Complaint and this action are dismissed sua sponte (see Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)), so that Yearman's contemporaneously-presented In Forma Pauperis Application is denied on mootness grounds.

                                                 */s/ William D. Shadur*

                                                 Milton I. Shadur

Date: September 18, 2015                Senior United States District Judge

---

    ³ It should also be added that the APA is not an independent source of jurisdiction (Califano v. Sanders, 430 U.S. 99, 107 (1997)), and that without congressional authorization of a private right of action (there is none here) the federal courts will not create one (Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001)).